VICTORIA L. FRANCIS
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 1478
Billings, MT 59103
2929 Third Ave. North, Suite 400
Billings, MT 59101
Phone: (406) 657-6101
FAX: (406) 657-6989
E-mail: Victoria.Francis@usdoj.gov

ATTORNEY FOR PLAINTIFF
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW and RUBY DONEY, COLLECTION PROFESSIONALS, INC., CREDIT ASSOCIATES, INC., COLLECTION BUREAU SERVICES, INC., MONTANA DEPARTMENT OF REVENUE and GLACIER COUNTY, a political subdivision of the State of Montana, | CV 11-    -GF-<br><br>COMPLAINT |

|                  |   |
|------------------|---|
| **Defendants.** |   |

The United States on behalf of its agency, Rural Housing Service, formerly Farmers Home Administration, hereby states as follows:

1.      This court has jurisdiction of this action for the reason that the United States of America is the party Plaintiff under 28 U.S.C. § 1345.

2.      The real property subject to the foreclosure action is located in Glacier County, and more particularly described as follows:

> Lot 12 and 13, Block 3, State of Montana's Second Addition to the Townsite of Cut Bank, Montana, according to the official map or plat thereof on file and of record in the office of the Clerk and Recorder Glacier County, Montana.

3.      The United States loaned Andrew R. and Ruby A. Doney the sum of $50,720.00 on December 12, 2003.  The loan is evidenced by a promissory note dated December 12. 2003.  A true and correct copy of the promissory note is attached as Exhibit A.

4.      As security for the above described loan Andrew R. and Ruby A. Doney executed a real estate mortgage on December 12, 2003.  This mortgage was filed for record with the Clerk and Recorder of Glacier County on December 12, 2003 in Book 70 of Mortgages, Page 56, under

Document No. 253785.  A true and correct copy of this mortgage is attached as Exhibit B.

5.      Defendants, Andrew R. and Ruby Doney, are in default under the terms of the promissory note, and mortgage described above due to failure to make timely payments of principal and interest as agreed.  The account was accelerated on April 14, 2010.

6.      Defendants, Andrew R. and Ruby A. Doney, are indebted to the Plaintiff for the loan outlined above in the principal amount of $44,278.32, plus interest computed at the rates of 6.875 percent per annum for the accrued total amount of $4,361.82 as of May 19, 2011, plus recoverable fees (negative escrow $3,705.52, appraisal $450.00, title report $369.00, late charges $39.96 and interest on fees $88.02) in the amount of $4,652.49, for a combined total of $53,292.49 as of May 19, 2011.  Interest continues to accrue from May 19, 2011, at the rate of $9.0899 per day until the date of entry of judgment.  Attached as Exhibit C is the Affidavit of Kimberly Williamson of Rural Development which verifies the amounts due.  Plaintiff seeks post-judgment interest pursuant to 28 U.S.C. § 1961.

7.   Defendant, Collection Professionals, Inc., has or may have an interest in the property subordinate to the United States by virtue of a Judgment filed on April 22, 2009, under Case No: DV-06-80.

8.   Defendant, Credit Associates, Inc., has or may have an interest in the property subordinate to the United States by virtue of a Judgment filed on October 30, 2008, under Case No: DV-06-153.

9.   Defendant, Collection Bureau Services, Inc., has or may have an interest in the property subordinate to the United States by virtue of a Judgment filed on February 5, 2008, under Case No: DV-08-25.

10.   Defendant, Montana Department of Revenue, has or may have an interest in the property subordinate to the United States by virtue of a Judgment filed on November 15, 2010, under Case No: SL-10-27.

11.   Defendant, Glacier County, has or may have an interest in the property by virtue of real property taxes that may be due and owing. The principal amount of such taxes takes priority over the United States. Penalties and interest are subordinate to the United States.

WHEREFORE, the United States prays for judgment as follows:

1.   Plaintiff, United States of America, have judgment against Defendants, Andrew R. and Ruby A. Doney, in the principal amount of

$44,278.32, plus interest computed at the rates of 6.875 percent per annum for the accrued total amount of $4,361.82 as of May 19, 2011, plus assessed recoverable fees (negative escrow $3,705.52, appraisal $450.00, title report $369.00, late charges $39.96 and interest on fees $88.02) in the amount of $4,652.49, for a combined total of $53,292.63 as of May 19, 2011.  Interest continues to accrue from May 19, 2011, at the rate of $9.0899 per day until the date of entry of judgment.  Plaintiff is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961.

     2.     The real property described in the mortgage, located in Glacier County, Montana, together with all improvements, tenements, rights, privileges, and appurtenances, be foreclosed and ordered sold at public auction by the U.S. Marshal for the District of Montana in the manner provided by law and according to the course and practice of this Court.

     3.     The real property be sold with the right of redemption as provided in Mont. Code Ann. §§ 25-13-801 through 25-13-825 (1997).

     4.     The real property be sold in one unit.

     5.     If the Plaintiff is the purchaser at the sale of the real property, payment to the U.S. Marshal need not be in cash, but be in the form of suitable documentary evidence as a debit against the judgment.

6.	The U.S. Marshal be required to provide a Certificate of Sale to the purchaser at the time of sale of the real property.  The purchaser be entitled to a deed to the premises at the expiration of one year from the date of the sale, unless the premises are previously redeemed as provided by law.

7.	In the event the Plaintiff is the purchaser at the sale and possession of the premises is not surrendered to the Plaintiff upon issuance of a Marshal's deed, a writ of assistance be issued directing the United States Marshal to deliver possession of the premises to the Plaintiff.

8.	The U.S. Marshal for the District of Montana, out of the proceeds of the sale, shall be entitled to retain his fee, disbursements, and expenses of the sale, the U.S. Marshal pay the principal amount of any real property taxes owing to Glacier County, and apply remaining proceeds to the Plaintiff to be applied to the judgment owed.  If excess proceeds exist, they shall be paid to the Clerk of Court pending further order of the Court for distribution.

9.	The Defendants, and any heirs or devisees of defendants and any and all persons claiming under them, and all persons having liens subsequent and inferior to the lien of the Plaintiff's mortgage, either by

mortgage, judgment, or decree, upon the real property described in the mortgage subject of this foreclosure, and their personal representatives and all persons claiming to have acquired any estate or interest in the premises, subsequent to the filing of this action, be forever barred and foreclosed of and from all equity of redemption and claim to the mortgage or premises, and every part or parcel thereof, from and after the delivery of the U.S. Marshal's Deed.

10. All or any of the parties to this action be entitled to purchase at the sale. If Plaintiff purchases at the sale, then the rents, issues, and profits arising or in any manner accruing to or from the premises, be due and payable to the Plaintiff.

11. For such further relief as this Court may deem just and appropriate.

DATED this 6th day of June, 2011.

                                      MICHAEL W. COTTER
                                      United States Attorney


                                      /s/ Victoria L. Francis
                                      VICTORIA L. FRANCIS
                                      Assistant U.S. Attorney
                                      Attorney for Plaintiff